UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSEPH SCIDDURLO,                                           :
                                                           :
                          Plaintiff,                       :
                                                           :   **ECF CASE**
             v.                                            :
                                                           :   Case No. 13-CV-2272 (AKH)
THE FINANCIAL INDUSTRY REGULATORY                          :
AUTHORITY and RICHARD KETCHUM,                             :
                                                           :
                          Defendants.                      :
                                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS THE COMPLAINT PURSUANT TO
## FED. R. CIV. P. 12(b)(1) and 12(b)(6)

---

Dated:  New York, New York
        July 2, 2013


Of Counsel:

        Peter A. Walker
        Lori M. Meyers
        Pinchos N. Goldberg


SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys For Defendant*
*Financial Industry Regulatory Authority*

# <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ALLEGED....................................................................3

ARGUMENT ...........................................................................................................4

I.      THE LEGAL STANDARDS APPLICABLE ON THIS MOTION TO DISMISS
        UNDER UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)............................4

II.     THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE
        PLAINTIFF LACKS STANDING TO MAINTAIN THIS ACTION ...............5

III.    EACH OF PLAINTIFF'S SEVEN CLAIMS CONTAIN FATAL FLAWS.....................6

        A.      The Complaint Fails To State A Claim Under The ADEA ....................7

        B.      The Complaint Fails To State A Claim Under The New York State Human
                Rights Law Or The New York City Human Rights Law..........................7

                1.      Plaintiff Has Not Plead Any Facts That Could Raise A Plausible
                        Claim Of Age Discrimination Under State Or City Law...........................7

        C.      The Complaint Fails To State A Claim Under New York State Labor Law
                § 740......................................................................................................11

                1.      New York State Labor Law § 740 Is Not Applicable Here Because
                        It Only Protects Disclosures Relating To Dangers To "Public
                        Health Or Safety".....................................................................11

                2.      FINRA Should Be Awarded Its Legal Fees And Costs For
                        Defending Plaintiff's Frivilous Claim Under New York State
                        Labor Law § 740 ......................................................................12

                3.      The Election Of Remedies Provision Of New York State Labor
                        Law § 740(7) Bars Plaintiff's Other Claims .............................13

        D.      The Complaint Fails To State A Claim For "Wrongful Termination" .................15

        E.      The Complaint Fails To State A Claim For "Denial Of Pension Benefits"..........16

        F.      The Complaint Fails To State A Claim Under The Dodd-Frank Act ...................17

                1.      The Dodd-Frank Anti-Retaliation Provision Is Inapplicable Here ...........17

2.     Plaintiff Has Failed To Plead Any Causal Link Between His Purported Disclosures and Any Adverse Employment Action.................18

i.     Plaintiff Has Not Pleaded Direct Causation..................................19

ii.    Plaintiff Has Not Pleaded Indirect Causation ..............................19

CONCLUSION.......................................................................................................21

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Argueta v. N. Shore Long Island Jewish Health Sys., Inc.,
    No. 01-CV-4031(JG), 2003 WL 22670915 (E.D.N.Y. Nov. 6, 2003) ....................................8

Ashcroft v. Iqbal,
    556 U.S. 662 (2009), (ii) ...............................................................................1, 2, 4, 5, 7, 9, 16

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)...............................................................................1, 2, 4, 5, 7, 9, 10, 16

Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,
    369 F.3d 212 (2d Cir. 2004)...........................................................................................5

Burger v. Litton Indus., Inc.,
    No. 91-CV-0918 (WK)(AJP), 1996 WL 421449 (S.D.N.Y. Apr. 25, 1996)..........................17

Castagna v. Luceno,
    No. 09-CV-9332 (CS), 2011 WL 1584593 (S.D.N.Y. April 26, 2011)..................................8

Cavelli v. New York City Dist. Council of Carpenters,
    No. 10-CV-3708 (BMC), 2011 WL 9155793 (E.D.N.Y. Mar. 7, 2011) ..........................16, 17

Chapple v. Fahnestock & Co., Inc.,
    No. 103-CV-04989 (ENV)(JA), 2006 WL 2546563 (E.D.N.Y. Sept. 1, 2006) ......................5

Clapp v. Greene,
    743 F. Supp. 273 (S.D.N.Y. 1990) ...................................................................................17

Clarex Ltd. v. Natixis Sec. Am. LLC,
    No. 12-CV-0722 (PAE), 2012 WL 4849146 (S.D.N.Y. Oct. 12, 2012)..................................5

Cooper v. New York State Nurses Ass'n,
    847 F. Supp. 2d 437 (E.D.N.Y. 2012) ................................................................................15

D'Entremont v. Atlas Health Care Linen Services, Co., LLC,
    No. 12–CV–0060 (LEK)(RFT), 2013 WL 998040 (N.D.N.Y. Mar. 13, 2013).....................16

David v. Apfel, Levy, Zlotnick & Co.,
    No. 91-CV-3384 (MGC), 1993 WL 245521 (S.D.N.Y. June 25, 1993)..................................9

Del Franco v. New York City Off-Track Betting Corp.,
    429 F.Supp.2d 529 (E.D.N.Y. 2006) ..................................................................................9

Deshpande v. TJH Med. Servs.,
    52 A.D.3d 648, 861 N.Y.S.2d 697 (2d Dep't 2008)............................................................14

iii

Dister v. Cont'l Group, Inc.,
    859 F.2d 1108 (2d Cir. 1988)...........................................................................17

Feinman v. Morgan Stanley Dean Witter,
    193 Misc.2d 496, 752 N.Y.S.2d 229 (Sup. Ct. N.Y. Cnty. 2002) ...........................14

Foster v. Phillips,
    No. 03-CV-3629 (MBM)(DF), 2005 WL 2978686 (S.D.N.Y. Nov. 7, 2005)..........................5

Francis v. Pactiv Corp.,
    No. 04-CV-0417, 2007 WL 879672 (E.D.N.Y. Mar. 21, 2007)...............................8

Fraser v. Fiduciary Trust Co. Intern.,
    No. 04-CV-6958 (PAC), 2009 WL 2601389 (S.D.N.Y. Aug. 25, 2009) ...............................17

Garner v. China Natural Gas, Inc.,
    71 A.D.3d 825, 898 N.Y.S.2d 49 (2d Dep't 2010) ...................................................14

Gaughan v. Nelson,
    No. 94-CV-3859 (JFK), 1995 WL 575316 (S.D.N.Y. Sept. 29, 1995) ...................................15

Hakim v. Hall,
    Nos. 09 Civ. 860(CS)(LMS), 09 Civ. 861 (CS)(LMS), 2009 WL 5910310 (S.D.N.Y.
    Oct. 23, 2009) .................................................................................................14

Hicks v. Baines,
    593 F.3d 159 (2d Cir. 2010)...........................................................................18

Holowecki v. Fed. Express Corp.,
    440 F.3d 558 (2d Cir. 2006), aff'd, 552 U.S. 389 (2008) .........................................7

Kassner v. 2nd Avenue Delicatessen, Inc.,
    No. 04-CV-7274 (GBD), 2005 WL 1018187 (S.D.N.Y. April 29, 2005) ...............................6

Klein v. Metropolitan Child Services, Inc.,
    100 A.D.3d 708, 954 N.Y.S.2d 559 (2d Dep't 2012) ............................................12

Kohlbrenner v. Victor Belata Belting Co., Inc.,
    No. 94-CV-0915E(H), 1998 WL 328639 (W.D.N.Y. June 3, 1998).........................................6

Lamagna v. New York State Ass'n for Help of Retarded Children, Inc.,
    158 A.D.2d 588, 551 N.Y.S.2d 556 (2d Dep't 1990) ............................................12

London v. Polishook,
    189 F.3d 196 (2d Cir. 1999)............................................................................4

Lugo-Young v. Courier Network, Inc.,
    No. 10-CV-3197 (RRM)(LB), 2012 WL 847381 (E.D.N.Y. Mar. 13, 2012) ...........................7

Makarova v. United States,
    201 F.3d 110 (2d Cir. 2000)..........................................................................................4

Mazurkiewicz v. N.Y.C. Health and Hospitals Corporation,
    2010 WL 3958852, at *5-6 (S.D.N.Y. Sept. 16, 2010) .........................................20

McGrane v. Reader's Digest Ass'n, Inc.,
    822 F. Supp. 1044 (S.D.N.Y. 1993).......................................................................12

Miller v. National Ass'n of Securities Dealers, Inc.,
    703 F. Supp. 2d 230 (E.D.N.Y. 2010) ....................................................................2

Minogue v. Good Samaritan Hosp.,
    100 A.D.3d 64, 952 N.Y.S.2d 52 (2d Dep't 2012) ...............................................14

Morrow v. Metropolitan Transit Authority;
    No. 08-CV-6123 (DLC), 2009 WL 1286208, at *4 (S.D.N.Y. May 8, 2009).........7

Nadkarni v. North Shore-Long Island Jewish Health System,
    No. 02-CV-05872 (JS), 2003 WL 24243918 (E.D.N.Y. July 31, 2003) ...............14

Nicastro v. Runyon,
    60 F. Supp. 2d 181 (S.D.N.Y. 1999)......................................................................20

Nicholls v. Brookdale University Hosp. Medical Center,
    No. 03-CV-6233 (JBW), 2004 WL 1533831 (E.D.N.Y. July 9, 2004) ............14, 15

Nollner v. Southern Baptist Convention, Inc.,
    852 F. Supp. 2d 986 (M.D. Tenn. 2012)................................................................18

Ott v. Fred Alger Management, Inc.,
    No. 11-Civ-4418 (LAP), 2012 WL 4767200 (S.D.N.Y. Sept. 27, 2012) ..............18

Owitz v. Beth Israel Medical Center,
    Index No. 600331/03, 2004 WL 258087 (Sup. Ct. N.Y. Cnty. Jan. 29, 2004).......14

Pani v. Empire Blue Cross Blue Shield,
    152 F.3d 67 (2d Cir. 1998).......................................................................................5

Perry v. Sony Music,
    462 F. Supp. 2d 518 (S.D.N.Y. 2006)....................................................................10

Pipia v. Nassau County,
    34 A.D.3d 664, 826 N.Y.S.2d 318 (2d Dep't 2006)..............................................15

Remba v. Federation Employment & Guidance Serv.,
    76 N.Y.2d 801, 559 N.Y.S.2d 961 (1990) .............................................................12

Richmond v. General Nutrition Centers Inc.,
    No. 08-CV-3577 (LTS)(HBP), 2011 WL 2493527 (S.D.N.Y. June 22, 2011) ......................15

Rohlehr v. Brookdale University Hosp. and Medical Center,
    390 F. Supp. 2d 207 (E.D.N.Y. 2005) ...............................................................................14, 15

Rotwein v. Sunharbor Manor Residential Health Care Facility,
    181 Misc.2d 847, 695 N.Y.S.2d 477 (Sup Ct. Nassau. Cty. 1999)....................................13, 15

Susman v. Commerzbank Capital Markets Corp.,
    95 A.D.3d 589, 945 N.Y.S.2d 5 (1st Dep't 2012) .................................................................12

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
    551 U.S. 308 (2007).........................................................................................................10

Thomas v. Gaskill,
    315 U.S. 442 (1942)..........................................................................................................4

Tomo v. Episcopal Health Services, Inc.,
    85 A.D.3d 766, 925 N.Y.S.2d 563 (2d Dep't 2011) ...............................................................13

Tucker v. New York City,
    No. 05-Civ-2804 (GEL)(MHD), 2007 WL 3051870 (S.D.N.Y. Oct.17, 2007) ...............11, 12

Valle v. YMCA of Greater New York,
    No. 05-CV-5318 (LTS)(FM), 2006 WL 2571946 (S.D.N.Y. July 6, 2006)......................9, 10

Waldorf v. Liberty Maintenance, Inc.,
    No. 05-CV-2557 (RJH), 2007 WL 942103 (S.D.N.Y. Mar. 29, 2007) ...................................9

STATUTES

11 U.S.C. § 323..................................................................................................................5

11 U.S.C. § 541(a) .............................................................................................................5

15 U.S.C. § 78u-6(a)(6) .....................................................................................................18

29 U.S.C. § 626(d)(1) .........................................................................................................7

ADEA ...............................................................................................................................7

ERISA § 510 ...........................................................................................................2, 16, 17

N.Y. Executive Law § 296...................................................................................................14

N.Y. State Labor Law § 740 ................................................................2, 11, 12, 13, 14, 15

N. Y. State Labor Law § 740(2)(a) .....................................................................................11

N. Y. State Labor Law § 740(6) ...................................................................................12, 13

N. Y. State Labor Law § 740(7) ...............................................................................13, 14, 15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ....................................................................................................................10

Fed. R. Civ. P. 8(a)(2) ...........................................................................................................10

Fed. R. Civ. P. 11 ............................................................................................................1, 3, 6

Fed. R. Civ. P. 11(b) ...............................................................................................................3

Fed. R. Civ. P. 11(c)(3) ...........................................................................................................3

Fed. R. Civ. P. 12 ....................................................................................................................7

Fed. R. Civ. P. 12(b)(1) ...................................................................................................1, 4, 5

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................1

Fed. R. Civ. P. 17(a)(1) ...........................................................................................................5

Fed. R. Civ. P. 17(a)(3) ...........................................................................................................6

Fed. R. Civ. P. Rule 56 ............................................................................................................5

Section 8–502(c) of the New York City Administrative Code ..............................................11

SEC Rule 15c3-1(a)(1) ...........................................................................................................18

Defendant Financial Industry Regulatory Authority ("FINRA or "Defendant")[1] by and through its attorneys, Seyfarth Shaw LLP, respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the Complaint (the "Complaint or "Cplt.") of Plaintiff Joseph Sciddurlo ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff, a former employee of FINRA whose employment was terminated because of his well-documented performance failings, egregious violation of FINRA's policies and procedures, and his subsequent attempts to conceal his policy violations, now alleges in generic and impermissibly conclusory terms that his termination was based on his age, was a tactic to deny him his pension benefits, and was in retaliation for his purported "whistleblower" activities.

Before addressing Plaintiff's ill-conceived claims, as a threshold matter, dismissal of the entire Complaint is warranted because Plaintiff lacks standing to maintain this action.  Plaintiff filed for bankruptcy after the accrual of his supposed claims against FINRA, and therefore, his claims are owned, and can only be pursued, by the Trustee in Bankruptcy and not by Plaintiff.

In any event -- notwithstanding Plaintiff's lack of standing -- each of Plaintiff's claims must be dismissed because:  (i) the claim fails to allege any facts that even remotely meet the pleading standards established by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), (ii) the claim is unavailable on the allegations pled by Plaintiff, or (iii) the claim is not recognized under New York law.

---

[1]     Mr. Richard G. Ketchum, the CEO and Chairman of FINRA was initially named as a defendant in this action in his individual capacity.  On May 23, 2013, Defendants served a Rule 11 letter on Plaintiff's counsel addressing the frivolous nature of Plaintiff's claims and the fact that Mr. Ketchum played no role with respect to Plaintiff's hire, discipline, or termination.  By Stipulation dated June 12, 2013, so ordered by the Court on June 18, 2013, Plaintiff agreed to dismiss the action against Mr. Ketchum with prejudice and without costs and fees related to Mr. Ketchum's dismissal from the Complaint.  (Docket No. 11.)

Plaintiff's age discrimination claims under Federal, State, and City law do not contain any allegations with respect to discriminatory comments based on his age made by anyone at FINRA at any time, nor are there any allegations that FINRA's decision to terminate Plaintiff's employment had anything whatsoever to do with his age.  He also fails to allege that he has met the conditions precedent to filing a federal claim, namely that he filed a charge with the Equal Employment Opportunity Commission ("EEOC").  Even more telling is the fact that Plaintiff admits that he was hired less than four years prior to his termination and that both events occurred when he was in his fifties, further undermining his age discrimination claims.

Likewise, Plaintiff's claim alleging denial of pension benefits, which presumably refers to the Employee Retirement Income Security Act ("ERISA") § 510,[2] does not meet the Supreme Court's heightened pleading standards as Plaintiff fails to allege any particular facts to support his speculative allegation that his termination was motivated by a desire to deny him his pension benefits.  Instead, Plaintiff merely recites the fact that he was terminated one year before his pension was due to vest as the sole factual basis for his claim.  However, as the courts of this Circuit have repeatedly held, timing alone does not give rise to an ERISA discrimination action. Plaintiff's age discrimination and ERISA claims are precisely the kind of "naked assertion devoid of further factual enhancement" that the Supreme Court has refused to accept as sufficient to defeat a motion to dismiss (Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557)).

Plaintiff's "whistleblower" claims under New York State Labor Law § 740 and the Dodd-Frank Act and his claim for "wrongful termination" are also utterly deficient.  As even a cursory review of the statute reveals, Labor Law § 740 only protects disclosures relating to

---

[2]      To the extent that Plaintiff is alleging an undefined common law or state law claim, such claim is preempted by ERISA.  See Miller v. National Ass'n of Securities Dealers, Inc., 703 F. Supp. 2d 230, 251, n.11 (E.D.N.Y. 2010) ("Additionally, defendant asserted a claim for denial of pension benefits in violation of [New York] state law, which was preempted by ERISA.").

dangers to "public health and safety," and, as the courts have repeatedly held, this statute does not apply to reports of financial improprieties, such as Plaintiff's purported disclosures at bar, which had nothing whatsoever to do with dangers to "public health and safety."  Similarly, the Dodd-Frank Act's whistleblower provision is inapplicable here because FINRA is not a public or financial services company as defined by the Act, does not issue securities, and Plaintiff's "reports" did not relate to any securities violation or other actual violation of law by anyone at FINRA.  Plaintiff's claim for "wrongful termination" must also be dismissed because no such cause of action is recognized under New York law.

The only conclusion that can be drawn from the numerous frivolous and unsupported allegations of the Complaint is that this action has been commenced against Defendant for improper purposes, including to harass and to cause unnecessary delay or needless increase in the cost of litigation, in willful violation of FRCP Rule 11 and to inflate the Bankruptcy Estate.[3]

For these reasons, and those set forth below, Defendant respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

## STATEMENT OF FACTS ALLEGED

Since the allegations of a complaint must be accepted as true when considering a motion to dismiss, Defendant respectfully refers the Court to the Complaint in this action, a copy of which is attached as Exhibit A to the accompanying Declaration of Peter A. Walker (the "Walker Declaration").  Solely for the purposes of this motion and as required by the Federal Rules, Defendant's statement of facts assumes the truth of any well-pled factual allegations contained in

---

[3]     While Defendant intends to file a Rule 11 motion against Plaintiff, including his counsel, Defendant respectfully submits that the Court should impose, *sua sponte*, sanctions against Plaintiff for the patently frivolous claims contained in the Complaint.  See FRCP Rule 11(c)(3) ("[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)").

the Complaint, but not of any conclusory allegations or legal conclusions contained therein.

While assuming the truth of such allegations for the purposes of this motion only, Defendant

otherwise, unequivocally denies and will vigorously contest Plaintiff's claims.

## ARGUMENT

### I.  THE LEGAL STANDARDS APPLICABLE ON THIS MOTION TO DISMISS UNDER UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

Under Rule 12(b)(1), Plaintiff has the burden of proving, by a preponderance of the

evidence, that subject matter jurisdiction exists over the claims at issue.  See Thomas v. Gaskill,

315 U.S. 442, 446 (1942) ("if a plaintiff's allegations of jurisdictional facts are challenged by the

defendant, the plaintiff bears the burden of supporting the allegations by competent proof");

London v. Polishook, 189 F.3d 196, 199 (2d Cir. 1999) ("when a bona fide dispute is raised as to

the presence of federal jurisdiction it is the affirmative burden of the party invoking such

jurisdiction. . . to proffer the necessary factual predicate - not simply an allegation in a complaint

- to support jurisdiction").  Here, Plaintiff lacks standing to maintain this action and his

Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).  Makarova v. United States, 201

F.3d 110, 113 (2d Cir. 2000).

So too, his claim should be dismissed under Fed. R. Civ. P. 12(b)(6) since the Plaintiff

has failed to state a claim upon which relief can be granted.  In order to survive a motion to

dismiss and state a viable claim for relief, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678

(quoting Twombly, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions' or a

'formulaic recitation of the elements of a cause of action will not do.'  Merely asserting broad

generalizations of discrimination or unequal treatment, or tendering 'naked assertion[s] devoid of

4

'further factual enhancement'" will not suffice.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550

U.S. at 557).  As set forth below, Plaintiff's Complaint does not meet this standard.

## II.    THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE PLAINTIFF LACKS STANDING TO MAINTAIN THIS ACTION

Plaintiff's lack of standing to maintain this action is a jurisdictional defect requiring

dismissal pursuant to Fed. R. Civ. P. 12(b)(1).  See Clarex Ltd. v. Natixis Sec. Am. LLC, No. 12-

CV-0722 (PAE), 2012 WL 4849146, at *3 (S.D.N.Y. Oct. 12, 2012) ("[s]tanding is a proper

ground upon which to challenge a court's subject matter jurisdiction.")

Specifically, Plaintiff lacks standing to sue because he filed for bankruptcy on February

27, 2012,[4] after the accrual of his purported claims[5] against FINRA on May 17, 2011 (the date of

his termination).  (See Cplt. ¶¶ 1, 19, 21 and 28.)  Consequently, the claims alleged in the

Complaint belong to Plaintiff's bankruptcy estate (the "Estate") -- and not to Plaintiff.  11 U.S.C.

§ 541(a).  Therefore, the Estate, and not Plaintiff, is the real party in interest, and only Alan

Nisselson -- as the Trustee of the Estate -- is authorized to pursue these claims.  Fed. R. Civ. P.

17(a)(1); 11 USC § 323; see Chapple v. Fahnestock & Co., Inc., No. 103-CV-04989

---

[4]      Case No. 1-12-41379 (CEC) (Bankr. E.D.N.Y.).  A copy of the docket from Plaintiff's
bankruptcy case is attached as Exhibit B to the Walker Declaration.  A copy of the Voluntary
Petition in Plaintiff's bankruptcy case is attached as Exhibit C to the Walker Declaration.  A
copy of the order authorizing the Trustee to retain counsel to prosecute the instant action is
attached as Exhibit D to the Walker Declaration.  This Court may properly consider these
publicly filed documents on the instant motion to dismiss.  See Blue Tree Hotels Inv. (Canada),
Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) ("we may
also look to public records . . . in deciding a motion to dismiss"); Pani v. Empire Blue Cross Blue
Shield, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on
matters of public record in deciding a motion to dismiss"); Foster v. Phillips, No. 03-CV-3629
(MBM)(DF), 2005 WL 2978686, at *3 (S.D.N.Y. Nov. 7, 2005) ("a court may take judicial
notice of documents filed in other courts without converting a motion to dismiss into one for
summary judgment under Rule 56.")

[5]      Plaintiff included his purported claims against Defendant in the schedule of assets he
filed with the bankruptcy court.  (Voluntary Petition, Schedule B, No. 17.)

(ENV)(JA), 2006 WL 2546563, at * 2 (E.D.N.Y. Sept. 1, 2006) ("[O]nce plaintiff filed for

bankruptcy, she lost the capacity to pursue these employment discrimination claims in her own

right [and] it is the trustee who, as the sole representative of the estate . . . has the capacity to sue

on its behalf.); Kohlbrenner v. Victor Belata Belting Co., Inc., No. 94-CV-0915E(H), 1998 WL

328639, at *2 (W.D.N.Y. June 3, 1998) ("Because Kohlbrenner filed the Petition after the

accrual of her claims against Victor Balata, such claims are property of the Estate. Therefore, the

Estate is the real party in interest [and only] the [] Trustee of the Estate . . . is authorized to

pursue such claims.").

Although the Trustee could have substituted himself as the plaintiff in this action

pursuant to Fed. R. Civ. P. 17(a)(3), he has not done so, nor has he otherwise expressed any

intent or willingness to do so, despite the fact that FINRA notified Plaintiff and Trustee

Nisselson of Plaintiff's lack of standing by letter dated May 23, 2013.[6]  For this reason alone, the

complaint should be dismissed in its entirety.  See Kassner v. 2nd Avenue Delicatessen, Inc., No.

04-CV-7274 (GBD), 2005 WL 1018187 (S.D.N.Y. April 29, 2005) (granting motion to dismiss

on the ground that plaintiff lacked standing because of her previous bankruptcy filing).

## III.    EACH OF PLAINTIFF'S SEVEN CLAIMS CONTAIN FATAL FLAWS

Each of Plaintiff's seven claims must be dismissed with prejudice because each claim

either is not pled with the requisite specificity to survive a motion to dismiss, is unavailable on

the allegations pled by Plaintiff, or is not recognized under New York law.  Moreover, Plaintiff

should not be granted leave to replead as repleading would be futile.

---

[6]      A copy of the Rule 11 letter which was sent to Plaintiff's counsel and to the Trustee is
attached to the Walker Declaration as Exhibit E.

A.        **The Complaint Fails To State A Claim Under The ADEA**

Plaintiff's ADEA claim must be dismissed for the simple reason that he does not allege that he complied with a condition precedent to such a claim, namely, that he filed a charge with the EEOC.  29 U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission"); see Holowecki v. Fed. Express Corp., 440 F.3d 558, 562 (2d Cir. 2006), aff'd, 552 U.S. 389 (2008) (filing an EEOC charge is a prerequisite to filing an ADEA suit in federal court); Lugo-Young v. Courier Network, Inc., No. 10-CV-3197 (RRM)(LB), 2012 WL 847381, at *4 (E.D.N.Y. Mar. 13, 2012) ("A plaintiff must timely file an EEOC charge as a prerequisite to filing Title VII or ADEA claims in federal court."); Morrow v. Metropolitan Transit Authority, No. 08-CV-6123 (DLC), 2009 WL 1286208, at *4 (S.D.N.Y. May 8, 2009) ("Plaintiffs seeking to bring suit in federal court under either Title VII or the ADEA are subject to exhaustion requirements requiring timely filings with the EEOC or an authorized state agency.")  Because Plaintiff has failed to allege that he ever filed an administrative charge, Plaintiff's ADEA claim must be dismissed.

B.        **The Complaint Fails To State A Claim Under The New York State Human Rights Law Or The New York City Human Rights Law**

1.        **Plaintiff Has Not Plead Any Facts That Could Raise A Plausible Claim Of Age Discrimination Under State Or City Law**

To survive a Rule 12 motion, a complaint must set forth sufficient factual allegations that are "enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 545.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  Iqbal, 556 U.S. at 678.  Specifically, a complaint either must contain sufficient factual matter to state a claim for relief that is plausible on its face or it must be dismissed.  Id. at 678.

7

Here, even if Plaintiff's age discrimination claims under the New York State Human Rights Law and the New York City Human Rights Law are afforded the most liberal construction, such claims fall far short of the pleading requirements necessary to sustain such claims because Plaintiff does not allege that anyone made any discriminatory comments based on his age at any time, nor does he offer <u>any</u> specific facts that could raise a plausible claim of age discrimination.  <u>See</u> <u>Castagna v. Luceno</u>, No. 09-CV-9332 (CS), 2011 WL 1584593, at *11 (S.D.N.Y. April 26, 2011) (granting motion to dismiss age discrimination claims where the complaint was "bereft of allegations that [plaintiff], or anyone else at [plaintiff's employer] for that matter, made facially age-discriminatory comments"); <u>Francis v. Pactiv Corp.</u>, No. 04-CV-0417, 2007 WL 879672, at *13 (E.D.N.Y. Mar. 21, 2007) (absence of discriminatory comments weighs heavily against inference of race or age discrimination); <u>see also</u> <u>Argueta v. N. Shore Long Island Jewish Health Sys., Inc.</u>, No. 01-CV-4031(JG), 2003 WL 22670915, at *5 (E.D.N.Y. Nov. 6, 2003) (dismissing discrimination claims because "[plaintiff] present[ed] no evidence suggesting that those charged with the decision to terminate her harbored any discriminatory animus whatsoever.")

Indeed, the <u>only</u> allegations in the Complaint that relate to Plaintiff's claims of age discrimination are: (i) that he is 58 years of age (Cplt. ¶ 1)[7], (ii) that "other older individuals at FINRA … [were] also fired" (Cplt. ¶ 22), (iii) that another former employee at FINRA (but not Plaintiff) "was replaced with younger and less experienced personnel" (Cplt. ¶ 22), and (iv) that "[u]pon information and belief, [his] lower [evaluation] ranking implie[d] that based on the plaintiff's age, he was somehow no longer a 'high contributor'" (Cplt. ¶ 25.)  However, Plaintiff offers no facts whatsoever about the circumstances of those other situations and employees (or

---

[7]      In an effort to mislead, Plaintiff identifies his age at the time he filed the Complaint, not at the time of his termination -- two years earlier -- when he was 56 years of age.

that they had anything to do with his termination) or any facts supporting his rank speculation regarding his evaluation to support any inference that any employment decisions were based on his age.

Moreover, the fact that Plaintiff was terminated less than four years after he was hired by FINRA (see Cplt. ¶ 1) (alleging that Plaintiff was employed by FINRA "from on or about May 21, 2007 to May 17, 2011"), further undermines his claims that his age had anything to do with his termination.  See e.g., Waldorf v. Liberty Maintenance, Inc., No. 05-CV-2557 (RJH), 2007 WL 942103, at *8 (S.D.N.Y. Mar. 29, 2007) ("[W]here, as here, an employee is hired at age 49 and terminated at age 52, there is a strong inference that discrimination was not a motivating factor in the employment decision") (internal quotations omitted); Del Franco v. New York City Off-Track Betting Corp., 429 F.Supp.2d 529, 540 (E.D.N.Y. 2006) (no age discrimination where plaintiff was 63 years old when hired and 65 years old when fired); David v. Apfel, Levy, Zlotnick & Co., No. 91-CV-3384 (MGC), 1993 WL 245521, at *5 (S.D.N.Y. June 25, 1993) ("[plaintiff] was already over forty years of age when he was hired, from which one may infer that age discrimination was not a factor in his hiring").

Plaintiff's vague and conclusory allegations are precisely the kind of "naked assertion devoid of further factual enhancement" that the Supreme Court has refused to accept as sufficient to survive dismissal.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Indeed, even before Iqbal and Twombly,  the district courts of this Circuit have refused to permit the kind of pleading attempted by Plaintiff here as lacking in the necessary factual amplification to survive a motion to dismiss.  In Valle v. YMCA of Greater New York, No. 05-CV-5318 (LTS)(FM), 2006 WL 2571946, at *6 (S.D.N.Y. July 6, 2006), for instance, the Court dismissed a discrimination complaint based upon conclusory allegations lacking any real factual specificity.  The plaintiff

there generally alleged that his employer "decided to replace . . . Valle with a younger work force in order to attract younger members," similar to Plaintiff's general allegations here that "other older individuals at FINRA … [were] also fired" (Cplt. ¶ 22), and that another former employee at FINRA (but not Plaintiff) "was replaced with younger and less experienced personnel."  (Cplt. ¶ 22.)  The Court correctly identified the utter lack of any factual support to buttress these generic assertions.  Valle, 2006 WL 2571946, at *6.

Similarly, in Perry v. Sony Music, 462 F. Supp. 2d 518 (S.D.N.Y. 2006), the court dismissed a Title VII race discrimination suit for failure to state a claim, finding that:

> Other than this conclusory assertion, Perry provides no further detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that his race played a role in Sony's decision to dismiss him.  The Court finds these allegations insufficient to satisfy the minimum pleading standards of Fed. R. Civ. P. 8 necessary to state a viable Title VII claim, even when viewing the complaint in the most favorable light and taking into account Perry's *pro se* status.

Id. at 520.

Indeed, Plaintiff's bare bones complaint does not even satisfy the minimal pleading standard required by Rule 8 of the Fed. R. Civ. P., which requires that a party asserting a claim set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although intricately detailed factual allegations are not necessary under Rule 8, the pleading must contain enough to provide a defendant fair notice of a complaint's claims and the grounds upon which it rests.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007).  A claim must "possess enough heft" to show an entitlement to relief -- thus justifying the costly process of litigation.  Twombly, 550 U.S., at 545.  Pleaders must, therefore, allege sufficient facts to move beyond the level of speculation, to "nudge[] their claims across the line from conceivable to plausible."  Id. at 547.  To cross into "the realm of plausible liability," the allegations must be factual (not conclusory).  Id. at 557 n. 5.

Finally, with respect to Plaintiff's claim under the New York City Human Rights Law, the Complaint does not contain any allegation that Plaintiff has complied with Section 8–502(c) of the New York City Administrative Code, which requires that a copy of any complaint brought pursuant to the New York City Human Rights Law be served on the New York City Commission on Human Rights and the Corporation Counsel.

### C.   The Complaint Fails To State A Claim Under New York State Labor Law § 740

#### 1.   New York State Labor Law § 740 Is Not Applicable Here Because It Only Protects Disclosures Relating To Dangers To "Public Health Or Safety"

Plaintiff's claim alleging violation of New York State Labor Law § 740 ("Section 740") must also be dismissed since this "whistleblower" statute is unavailable on the allegations pled by Plaintiff.  Indeed, the protections afforded by Section 740 are triggered only by disclosure of "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the *public health or safety.*"  Labor Law § 740(2)(a) (emphasis added).  The explicit requirements of Section 740 are strictly enforced by the courts.  For example, in dismissing a Section 740 claim for failure to state a claim, in <u>Tucker v. New York City</u>, No. 05-Civ-2804 (GEL)(MHD), 2007 WL 3051870 (S.D.N.Y. Oct.17, 2007), this court noted:

> The New York courts have consistently and strictly enforced this explicit limitation to the scope of Section 740; indeed, complaints about very serious misconduct, even if that conduct amounts to regulatory or criminal violations, will not trigger statutory protection if the misconduct does not itself pose a direct threat to public health and safety.

<u>Id</u>., at *3.

Because Plaintiff's disclosure of supposed flaws in FINRA's risk rating system concerned alleged financial issues, rather than "a substantial and specific danger to the public

health or safety," Plaintiff cannot state a claim under Section 740.  See e.g., Tucker, 2007 WL 3051870, at *3 ("claims alleging fraudulent economic practices do not constitute a danger to public health or safety"); McGrane v. Reader's Digest Ass'n, Inc., 822 F. Supp. 1044, 1051 (S.D.N.Y. 1993) ("Financial improprieties within a corporation do not constitute threats to public health or safety under Labor Law § 740"); Remba v. Federation Employment & Guidance Serv., 76 N.Y.2d 801, 802, 559 N.Y.S.2d 961, 962 (1990) ("after reviewing the legislative history, we conclude that the conduct complained of -- fraudulent billing -- is not the type of violation which creates a 'substantial and specific danger to the public health or safety'"); Susman v. Commerzbank Capital Markets Corp., 95 A.D.3d 589, 590, 945 N.Y.S.2d 5, 7 (1st Dep't 2012) (holding that former employer's alleged financial dealings with a foreign bank, which purportedly violated federal law, did not create substantial and specific danger to the public health or safety within meaning of Labor Law § 740); Klein v. Metropolitan Child Services, Inc., 100 A.D.3d 708, 710, 954 N.Y.S.2d 559, 561-62 (2d Dep't 2012) ("inasmuch as the complained of conduct related mainly to alleged financial improprieties, it does not satisfy the element of a threat to public health and safety and, thus, cannot sustain a cause of action alleging a violation of Labor Law § 740") (internal quotations omitted); Lamagna v. New York State Ass'n for Help of Retarded Children, Inc., 158 A.D.2d 588, 589, 551 N.Y.S.2d 556, 557 (2d Dep't 1990) ("The plaintiff's allegations of fiscal improprieties do not portend 'a substantial and specific danger to the public health or safety' and thus, do not fall within the ambit of this statute.")

### 2.  FINRA Should Be Awarded Its Legal Fees And Costs For Defending Plaintiff's Frivolous Claim Under New York State Labor Law § 740

New York State Labor Law § 740(6) provides that "[a] court, in its discretion, may also order that reasonable attorneys' fees and court costs and disbursements be awarded to an employer if the court determines that an action brought by an employee under this section was

without basis in law or in fact."  As set forth in detail above, given the extensive case law

making it clear that Plaintiff's purported disclosures to FINRA did not even arguably relate to

any danger to "public health or safety," it should have been apparent to Plaintiff and his counsel

that he did not have a Section 740 claim.  As such, Defendant respectfully requests that the Court

award it reasonable attorneys' fees and court costs and disbursements for having to defend this

frivolous claim.  See Tomo v. Episcopal Health Services, Inc., 85 A.D.3d 766, 925 N.Y.S.2d 563

(2d Dep't 2011) (holding that trial court should have exercised its discretionary power to award

employer attorneys' fees and costs associated with litigating "whistleblower" claim pursuant to

Section 740(6) where case law made clear that statute did not apply and employer's motion to

dismiss cited such case law); Rotwein v. Sunharbor Manor Residential Health Care Facility, 181

Misc.2d 847, 852-53, 695 N.Y.S.2d 477, 482-83 (Sup Ct. Nassau. Cty. 1999) (Podiatrist's

retaliatory discharge claim against health care facility under Section 740 had no basis in law or

fact, and therefore facility was entitled to award of reasonable attorney fees, costs and

disbursements, notwithstanding fact that podiatrist sought to serve amended complaint dropping

such claim).

**3.    The Election Of Remedies Provision Of New York State Labor Law § 740(7) Bars Plaintiff's Other Claims**

By asserting a "whistleblower" claim under Section 740, Plaintiff has irrevocably waived

his right to assert any other claims arising out of his termination from FINRA, pursuant to the

election of remedies provision of Section 740(7) of the New York State Labor Law.  Section

740(7) expressly provides that "institution of an action in accordance with this section shall be

deemed a waiver of the rights and remedies available under any other contract, collective

bargaining agreement, law, rule or regulation or under the common law."  Because Plaintiff's

state (and federal) claims in this suit arise out of the same facts -- and seek identical relief -- as

his Section 740 whistleblower claim, he has waived all of his state law claims, mandating their dismissal. Minogue v. Good Samaritan Hosp., 100 A.D.3d 64, 952 N.Y.S.2d 52 (2d Dep't 2012) (affirming order granting motion to dismiss claims relating to allegedly unlawful discharge under various New York laws pursuant to Section 740(7)'s waiver provision); Garner v. China Natural Gas, Inc., 71 A.D.3d 825, 827, 898 N.Y.S.2d 49, 51 (2d Dep't 2010) (stating that plaintiff waived all causes of action "relating to" the alleged retaliatory discharge); Deshpande v. TJH Med. Servs., 52 A.D.3d 648, 651, 861 N.Y.S.2d 697, 700 (2d Dep't 2008) ("[P]laintiff waived recovery under the second cause of action [for religious discrimination under NYSHRL and NYCHRL] to the extent it arose from the alleged retaliatory discharge"); Owitz v. Beth Israel Medical Center, Index No. 600331/03, 2004 WL 258087, at *3 (Sup. Ct. N.Y. Cnty. Jan. 29, 2004) ("Since all of Owitz's claims thus arise out of or relate to the same underlying claim of wrongful discharge [they] are barred by the waiver provision of Labor Law § 740(7)"); Feinman v. Morgan Stanley Dean Witter, 193 Misc.2d 496, 752 N.Y.S.2d 229 (Sup. Ct. N.Y. Cnty. 2002) (plaintiff's age discrimination claim under N.Y. Executive Law § 296 dismissed because it was related to the same set of facts as those underlying the Section 740 whistleblower claim.)  Here, all of Plaintiff's claims stem from the same operative facts, his termination from FINRA, and accordingly, his assertion of a Section 740 claim alone acts as a waiver of all of his other claims.[8]

---

[8]    See also Hakim v. Hall, Nos. 09 Civ. 860(CS)(LMS), 09 Civ. 861 (CS)(LMS), 2009 WL 5910310, at *10 (S.D.N.Y. Oct. 23, 2009) ("To the extent that Plaintiffs' claims are brought under the NYSHRL, Plaintiffs have waived their right to this remedy by bringing an action under New York Labor Law § 740"); Rohlehr v. Brookdale University Hosp. and Medical Center, 390 F. Supp. 2d 207, 210-11 (E.D.N.Y. 2005) (plaintiff waived his contract claim by asserting a Section 740 claim arising out of the same actions); Nicholls v. Brookdale University Hosp. Medical Center, No. 03-CV-6233 (JBW), 2004 WL 1533831, at * 6-7 (E.D.N.Y. July 9, 2004) (dismissing plaintiff's discrimination claims under NYSHRL and NYCHRL and breach of contract claim where such claims all arose from the same alleged retaliatory termination); Nadkarni v. North Shore-Long Island Jewish Health System, No. 02-CV-05872 (JS), 2003 WL 24243918, at *6 (E.D.N.Y. July 31, 2003) (holding that because "[t]here is nothing to indicate

Significantly, waiver is required even where, as here, Plaintiff's Section 740 claim is meritless, because it is the mere assertion of the claim that acts as a waiver, regardless of its merit.  See Pipia v. Nassau County, 34 A.D.3d 664, 667, 826 N.Y.S.2d 318 (2d Dep't 2006) ("The mere commencement of an action under [Section 740] thus acts as an election of remedies, waiving other causes of action relating to the alleged retaliatory discharge, irrespective of the disposition of such claims"); Rohlehr v. Brookdale University Hosp. and Medical Center, 390 F. Supp. 2d 207, 211 (E.D.N.Y. 2005) ("dismissal of the § 740 claim does not negate the Section 740(7) waiver") quoting Nicholls v. Brookdale University Hosp. Medical Center, 2004 WL 1533831, at *7 (E.D.N.Y. July 9, 2004); Rotwein v. Sunharbor Manor Residential Health Care Facility, 181 Misc.2d 847, 853-55, 695 N.Y.S.2d 477 (Sup Ct. Nassau Cnty. 1999) (Labor Law § 740(7) waiver is triggered when action is instituted, and waiver may not be voided or nullified by a later discontinuance or dismissal of § 740 claim prior to judgment).

### D. The Complaint Fails To State A Claim For "Wrongful Termination"

Plaintiff's "wrongful termination" claim must be dismissed for an independent reason -- no such cause of action exists in New York.  See Cooper v. New York State Nurses Ass'n, 847 F. Supp. 2d 437, 451 (E.D.N.Y. 2012) ("New York courts have consistently rejected causes of action for wrongful discharge asserted under New York common law"); Richmond v. General Nutrition Centers Inc., No. 08-CV-3577 (LTS)(HBP), 2011 WL 2493527, at *17 (S.D.N.Y. June 22, 2011) ("Plaintiffs also bring a separate claim for wrongful termination [but] do not state a statutory or contractual basis for this claim.  Their statutory claim for discriminatory wrongful

---

that Plaintiff was terminated based upon her alleged disability as opposed to the fact that she was a whistleblower . . . [t]his Court has no choice but to dismiss Plaintiff's causes of action pursuant to . . . [NYSHRL] as waived by New York Labor Law Section 740(7)); Gaughan v. Nelson, No. 94-CV-3859 (JFK), 1995 WL 575316, at *6 (S.D.N.Y. Sept. 29, 1995) ("both the discrimination and retaliation claims are dismissed as inextricably arising out of the course of conduct supporting Plaintiff's § 740 claim.").

termination . . . is subsumed by the [federal] and NYSHRL claims discussed above.  New York does not recognize common law claims for wrongful termination").

Because Plaintiff simply repeats the age discrimination and whistleblower allegations that he previously asserted in his other claims, but does not allege any independent statutory basis for his claim for "wrongful termination," this claim does not withstand scrutiny and must be dismissed.

### E.    The Complaint Fails To State A Claim For "Denial Of Pension Benefits"

Plaintiff's claim alleging denial of pension benefits, which presumably refers to ERISA § 510,[9] is equally untenable and must be dismissed because Plaintiff fails to allege any specific facts to support an ERISA § 510 claim.  Plaintiff's allegations are mere speculation and a threadbare recital of one of the elements of an ERISA § 510 claim, namely that his "termination was wholly and/or partially motivated in an attempt to deprive him of his pension and/or benefits."  (Cplt. ¶ 75; see also ¶¶ 20-21, 74.)  Plaintiff's ERISA claim, much like his age discrimination claims, is precisely the kind of "naked assertion devoid of further factual enhancement" that the Supreme Court has refused to permit to state a claim (Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557)), and the courts of this Circuit have repeatedly refused to permit this kind of baseless and conclusory pleading to survive a motion to dismiss.  See e.g., Cavelli v. New York City Dist. Council of Carpenters, No. 10-Civ-3708 (BMC), 2011 WL 9155793, at *4 (E.D.N.Y. Mar. 7, 2011) (dismissing ERISA § 510 claim after holding that "[Plaintiffs'] allegation that [Defendant] 'discharged [them] as a means of depriving them of their pension benefits provided under the ... Pension Plan' is not entitled to the assumption of truth as it is a threadbare recital of one of the elements of a § 510 claim."); D'Entremont v. Atlas

---

9         See n. 2, *supra*.

Health Care Linen Services, Co., LLC, No. 12–CV–0060 (LEK)(RFT), 2013 WL 998040, at *8 (N.D.N.Y. Mar. 13, 2013) (dismissing ERISA § 510 claim after holding that "Plaintiff has failed to allege that an applicable plan exists or that he was covered under such a plan in such a way as to trigger protections under ERISA"); Clapp v. Greene, 743 F. Supp. 273, 276-77 (S.D.N.Y. 1990) (dismissing ERISA § 510 claim where plaintiff's pleading concerning defendant's discriminatory intent was stated in conclusory form).

Nor can Plaintiff correct this deficiency since the courts of this Circuit have repeatedly held that timing alone, without more, does not raise any inference of a discriminatory motive. See Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1117 n.1 (2d Cir. 1988) (holding that mere temporal proximity of four months and seven days between the date on which plaintiff's benefits would vest and the date of his termination, without more, was insufficient to create a genuine issue of fact); Fraser v. Fiduciary Trust Co. Intern., No. 04-CV-6958 (PAC), 2009 WL 2601389, at *7 (S.D.N.Y. Aug. 25, 2009) (finding no inference of discrimination where employee was fired one month before his benefits were scheduled to vest); Burger v. Litton Indus., Inc., No. 91-CV-0918 (WK)(AJP), 1996 WL 421449, at *17 (S.D.N.Y. Apr. 25, 1996) (finding no inference of discrimination where employee was fired four months before enhanced pension rights would have vested). "No ERISA cause of action lies where the loss of pension benefits was a mere consequence of, but not a motivating factor behind, a termination of employment." Cavelli, 2011 WL 9155793, at *3 (internal citations and quotation marks omitted).

### F.   The Complaint Fails To State A Claim Under The Dodd-Frank Act

#### 1.   The Dodd-Frank Anti-Retaliation Provision Is Inapplicable Here

Plaintiff's claim for violation of the Dodd-Frank Act ("DFA") is similarly meritless because the DFA's whistleblower provisions simply do not apply to Plaintiff's purported disclosures for a number of reasons.  First, FINRA is not the type of employer that falls within in

the purview of the DFA's anti-retaliation provision because it is not a publicly traded company that issues securities, rather FINRA is a private non-profit organization.  See Nollner v. Southern Baptist Convention, Inc., 852 F. Supp. 2d 986, 997 (M.D. Tenn. 2012) ("the plain terms of the DFA concern alleged violations of securities laws and the actions of securitized and publically traded companies that are required to make filings with the SEC").

Second, the DFA only protects disclosures relating to "a violation of the securities laws" (15 U.S.C. § 78u-6(a)(6)), and nowhere does Plaintiff allege that anyone at FINRA ever violated any securities laws.  Instead, Plaintiff merely alleges that he disclosed a "flaw" in FINRA's risk rating system that may have allowed certain broker dealers to exploit a loophole in SEC rule 15c3-1(a)(1).  (Cplt. ¶ 12.)  Because the DFA does not apply to the facts as alleged by Plaintiff, Plaintiff's DFA claim must be dismissed.

### 2. Plaintiff Has Failed To Plead Any Causal Link Between His Purported Disclosures and Any Adverse Employment Action

Even if the DFA was applicable here, which it is not, Plaintiff's DFA claim should nonetheless be dismissed because Plaintiff cannot establish a prima facie case of retaliation. "The elements of a retaliation claim under the DFA are that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) the adverse action was causally connected to the protected activity."  Ott v. Fred Alger Management, Inc., No. 11-Civ-4418 (LAP), 2012 WL 4767200, at *4 (S.D.N.Y. Sept. 27, 2012).  Causation may be established directly, through evidence of retaliatory animus against the plaintiff by the defendant or indirectly, by showing that protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct.  Hicks v. Baines, 593 F.3d 159, 170 (2d Cir. 2010).

Here, Plaintiff has not adequately pled any facts sufficient to establish, directly or indirectly, a causal connection between any protected activity he engaged in -- his disclosure of supposed flaws in FINRA's risk rating system -- and any adverse employment action that he experienced -- his lower evaluation rating and subsequent termination.

i.    Plaintiff Has Not Pleaded Direct Causation

Plaintiff has not alleged any direct evidence of retaliatory animus by anyone at FINRA. He has not alleged any statements suggesting a retaliatory intent, to whom at FINRA he directed his purported disclosures,[10] who made the decision to terminate his employment, who communicated that decision to him or ***any*** other facts to link anyone aware of his disclosure of supposed flaws in FINRA's risk rating system to the decision to lower his evaluation rating and subsequently terminate him.  Instead, Plaintiff merely alleges, in an impermissibly conclusory way, that "FINRA discharged, demoted, harassed, threatened, suspended and/or discriminated against [him] based upon his disclosure of certain information." (Cplt. ¶ 87.)  These sort of vague allegations, without more, do not suffice to state a claim under the heighted federal pleading standards, as set forth in detail above.

ii.    Plaintiff Has Not Pleaded Indirect Causation

Similarly, Plaintiff has not, and cannot, alleged causation indirectly because the temporal proximity between his protected activity and termination is too great to support an inference of causation.  Plaintiff's termination occurred at least five months after he made his purported disclosures[11] the sole "protected activity" in which Plaintiff claims to have engaged.  As this

---

[10]    Plaintiff merely vaguely alleges that he made disclosures to unnamed "representatives of FINRA." (Cplt. ¶ 88.)

[11]    Although Plaintiff does not allege the exact date when he made his disclosures, it appears from the Complaint that they were made in the "later part of 2010" (Cplt. ¶ 13), at least five months prior to his termination in May 2011.

Court noted in <u>Mazurkiewicz v. N.Y.C. Health and Hospitals Corporation</u>, "[t]he Second Circuit often utilizes a two month window to determine whether the temporal connection between the protected activity and alleged retaliation is sufficiently close or too attenuated."  No. 09-Civ-5962 (WHP), 2010 WL 3958852, at *5-6 (S.D.N.Y. Sept. 16, 2010) (granting motion to dismiss where three-and-a-half month interval between protected activity and adverse action, without more, was insufficient to raise inference of causal link).  <u>See also</u> <u>Nicastro v. Runyon</u>, 60 F. Supp. 2d 181, 185 (S.D.N.Y. 1999) ("Claims of retaliation are routinely dismissed when as few as three months elapse between the protected [ ] activity and the alleged act of retaliation.") (citing cases).  Because Plaintiff has failed to allege any causal link between his purported disclosures and any adverse employment action, his DFA retaliation claim must be dismissed for this reason as well.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the

Complaint in its entirety with prejudice, award Defendant its costs and fees incurred in making

this motion, and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
          July 2, 2013

                                    Respectfully submitted,

                                    SEYFARTH SHAW LLP

                                By: *s/ Peter A. Walker* _____

                                      Peter A. Walker
                                      pwalker@seyfarth.com
                                      Lori M. Meyers
                                      lmeyers@seyfarth.com
                                      Pinchos N. Goldberg
                                      pgoldberg@seyfarth.com
                                      620 Eighth Avenue
                                      New York, New York  10018
                                      Telephone:  (212) 218-5500
                                      Facsimile:  (212) 218-5526

                                      *Attorneys for Defendant*
                                      *Financial Industry Regulatory Authority*