```
                                           USDC SDNY
                                           DOCUMENT
                                           ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT               DOC #:
SOUTHERN DISTRICT OF NEW YORK              DATE FILED: 11/12/13
-------------------------------------------------------- X
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                    :
ALAN NISSELSON, AS TRUSTEE IN                       :
BANKRUPTCY FOR JOSEPH SCIDDURLO                     :       **ORDER**
                                                    :
                          Plaintiff,                :       13 Civ. 2272 (AKH)
          -against-                                 :
                                                    :
THE FINANCIAL INDUSTRY REGULATORY                   :
AUTHORITY,                                           :
                                                    :
                          Defendant.                :
                                                    :
-------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

My order dated October 8, 2013 (Doc. No. 46), in denying defendant's motion for

sanctions (Doc. No. 33) incorrectly assumed that the case had been resolved in mediation, and

ordered the case closed.  The parties have corrected that assumption.  The case is to be re-opened

for all issues other than sanctions.

There are two motions pending: one by defendant to dismiss the complaint, and

one by plaintiff, in response, to cure the deficiencies by amending the complaint.  I hold in this

order that the proposed amendments fail to cure all deficiencies, and that plaintiff will not be

able plausibly to cure a jurisdictional deficiency.  Accordingly, for the reasons stated below, the

complaint is dismissed for lack of subject matter jurisdiction, without prejudice to plaintiff's

non-federal claims being pursued in state court.

Plaintiff has filed for protection against creditors under chapter seven of the

bankruptcy laws.  Thus, as defendant's motion points out, only the trustee has standing to sue.

The proposed amended complaint would cure that deficiency.

The original complaint had two bases of federal subject matter jurisdiction: a claim of age discrimination under federal law for failing to promote plaintiff, and for terminating plaintiff, *see* Age Discrimination in Employment Act of 1967 (ADEA), as codified at 29 U.S.C. §§ 621-34, and a claim of wrongful termination under federal law for discharging plaintiff for providing information or protected disclosures to the Securities and Exchange Commission (SEC) pertaining to potential SEC violations by FINRA, *see* Dodd-Frank Act, as codified at 15 U.S.C. § 78u-6.

Plaintiff's proposed amended complaint bases federal jurisdiction on his newly added Employment Retirement Income Security Act (ERISA) claim that the termination was for the purpose of interfering with the attainment by plaintiff of pension rights, in violation of ERISA § 510, as codified at 29 U.S.C. §1140.  State and City claims for age discrimination were alleged as supplemental claims.  *See* 28 U.S.C. § 1367.

Plaintiff proposes to allege, in paragraph 73, that "denial of pension benefits was a motivating factor, in addition to his age, with respect to his termination and/or denial of a transfer [within FINRA]."  That is not a plausible allegation.  Plaintiff, now 58 years old, alleges that he was hired in May 2007 as a Financial Examiner, that he was promoted a year later to Principal Examiner, placed on probation in April 2011, and terminated May 17, 2011.  His pension rights would have vested in May 2012, after five years of employment.

As a practical matter, professional accountants, hired by FINRA as examiners to carry out regulatory functions, is a type of employment that cannot be carried out by employees hired for a short term, on a come and go basis.  The job requires professional sophistication and stability if it is to be carried out properly.  Age may have been a factor leading to the termination

of plaintiff, as plaintiff alleges, but it is illogical to believe that age was the "purpose" of firing plaintiff to deny him pension rights. Indeed, plaintiff does not allege that the purpose of firing plaintiff was to deny him his pension rights, but only that age was a "motivating factor" for his firing. Prop. Am. Compl. ¶ 73.

Plaintiff identifies a number of older employees who were terminated and replaced by younger employees. He states plausible claims for age discrimination. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, as defendant's motion points out the federal age-discrimination claims cannot be alleged because plaintiff had neglected first to file his claim with the EEOC, a statutory prerequisite. 29 U.S.C. § 626(d)(1). Plaintiff concedes that deficiency by omitting the claim in his proposed amended complaint.

It would be futile to grant further leave to plaintiff to amend his complaint. Without a legally sufficient claim arising under the laws or Constitution of the United States, or other good reason to continue the action in this court, the non-federal claims may not remain here. See 28 U.S.C. § 1367. Accordingly, the action is dismissed for lack of subject matter jurisdiction, without prejudice to plaintiff's non-federal claims should they be re-alleged in state court.

The Clerk shall terminate the motions (Doc. No. 12 & Doc. No. 25) and grant judgment to defendants, in accordance with this order and with costs and mark the case closed.


SO ORDERED.

Dated:     November 12, 2013
           New York, New York

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge

3